# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Sapphire Crossing LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Workday, Inc.,**<br><br>    Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Crossing LLC ("Plaintiff"), through its attorneys, complains of Workday, Inc. ("Defendant"), and alleges the following:

## PARTIES

1.     Plaintiff Sapphire Crossing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM 423, Suite 250, #2008, Frisco, TX 75034.

2.     Defendant Workday, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 6110 Stoneridge Mall Road Pleasanton, CA 94588 United States. Workday, Inc. can be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange ST, Wilmington, New Castle, DE, 19801.

## JURISDICTION

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Plaintiff has suffered harm in this district.

### PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,891,633 (the "'633 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

8. On May 10, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,891,633 ("the '633 Patent") to Xerox Corporation ("Xerox"), naming Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf and James S. Laird as the inventors. The application leading to the '633 Patent was filed on July 30, 1999. The '633 Patent is titled "Image Transfer System". A copy of the '633 Patent is attached to this Complaint as Exhibit 1.

9. Claims 19-20 of the '633 Patent are valid and enforceable. The Patent Trial and Appeal Board denied institution of claims 19-20 and further denied Petitioner's request for a rehearing.

10. On November 25, 2015, Xerox assigned all right, title, and interest in and to the '633 Patent to Ruby Sands LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent.

11. On March 26, 2018, Ruby Sands LLC assigned all right, title, and interest in and to the '633 Patent to Sapphire Crossing LLC, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent. Accordingly, Sapphire Crossing possesses the exclusive right and standing to prosecute the present action for infringement of the '633 Patent.

12. The '633 Patent is directed to a novel image transfer system comprising a transfer device which can be operably connected to a computer. The system includes a reader for reading an image on a first medium, and a display for displaying an image transfer menu for effecting transfer of the image to perform a selected function. For example, the reader can be a mobile electronic device used to take a photograph of a first medium (for example, a receipt), and then offer on the display of the mobile electronic device a menu of different actions that can be selected to accomplish a particular task: for example, get cash rebates from digital coupons based on scanned receipts. A downloadable app can transform the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the receipt, establish a connection with a computer, transfer the image to the computer, or display the second type of menu.

13. Claim 19 of the '633 patent is directed to a method for transferring information from a first medium wherein the method provides an image transfer device having a scanner for reading an image on the first medium (for example a smartphone); the image transfer device reads the image on the first medium with the scanner (for example taking a picture with the smartphone); the image transfer device then uploads the electronic data including at least a portion of an image transfer menu to be displayed by the image transfer device to the transfer device from a computer connected to the transfer device; and a processor of the image transfer device automatically merges the electronic data with the image read by the scanner and transfers the merged image by the transfer device to a second medium (for example servers).

## COUNT 1: INFRINGEMENT OF THE '633 PATENT

14. Plaintiff incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Defendant has directly infringed claims 19 and 20 of the '633 Patent in at least this District through its use and internal testing of at least the Defendant product identified in the chart incorporated into this Count below (among the "Exemplary Defendant Products") that infringe claims 19 and 20 of the '633 Patent also identified in the charts incorporated into this Count below (the "'633 Patent Claims") literally or by the doctrine of equivalents.

16. Exhibit 2 includes charts comparing the '633 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '633 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the '633 Patent Claims.

17. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

    A. A judgment that the '633 Patent is valid and enforceable;

    B. A judgment that Defendant has infringed one or more claims of the '633 Patent;

    C. An accounting of all damages not presented at trial;

    D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

    E. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

        i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

        ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

        iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 31, 2021                Respectfully submitted,

                                     CHONG LAW FIRM PA

                                     */s/ Jimmy Chong*
                                     Jimmy Chong (#4839)
                                     2961 Centerville Road, Suite 350
                                     Wilmington, DE 19808
                                     Telephone: (302) 999-9480
                                     Facsimile: (877) 796-4627
                                     Email: chong@chonglawfirm.com

                                     **Counsel for Plaintiff**
                                     **Sapphire Crossing LLC**